### NUZUM v. NUZUM.

Circuit Court, Lake County.

April 15, 1954.

T. Allen Crouch, Gainesville, for plaintiff.

C. Welborn Daniel, Leesburg, for defendant.

T. G. FUTCH, Circuit Judge.

The plaintiff Bertha C. Nuzum on February 20, 1954 filed her bill of complaint seeking to set aside a final decree of divorce entered by this court on September 30, 1953.

The divorce decree is attacked on two grounds—first, insufficiency of service of process on the plaintiff (as defendant in the divorce suit); second, that it was procured by fraud, artifice and trickery committed by the defendant in this case (as plaintiff in the divorce suit).

The service in the divorce case was constructive on order—commonly referred to as service by advertising. The affidavit which was the basis of the order of constructive service issued by the clerk of the court was insufficient under the statute. Process, however, is for the purpose of *notifying* a defendant that a cause of action is pending and the nature thereof. The allegations of the bill of complaint and the testimony of the plaintiff establish beyond a doubt that the challenged process did actually put her on notice in the divorce case, and as a result thereof she traveled from New York to Gainesville and there contacted an attorney for the purpose of defending the suit.

It follows, I think, that the form of the process and the affidavit upon which it was based cannot be seriously complained of, and, in fact, the plaintiff places very little stress on that portion of the bill of complaint. Were the complaint against the process the only infirmity besetting the divorce decree, it would under the circumstances be of little consequence, if any.

There is, however, a more serious charge of fraud, artifice and trickery on the part of the husband when he was the plaintiff in the divorce suit. The return day named in the process was September 28, 1953. The wife returned to the home of the parties in Gainesville on or about September 24 for the purpose of arranging to defend the divorce suit. On the Saturday preceding the return day the husband appeared at the home in Gainesville and to all intents and purposes took up the home routine as it had been conducted prior to a visit by the wife in the state of New York. He put down rugs which had been taken up (apparently for safekeeping) and went with his wife and child on a shopping tour, spent Saturday night, all day Sunday and Sunday night in the home—*and advised his wife that the notice mailed to her by the clerk of the court was of no consequence and that she need pay no attention to it.*

As a result of this conduct on the part of the husband the wife was lulled into a false sense of security and did not proceed further with any defense of the divorce suit—because she understood from his conversation and conduct that the suit had been or would be dropped.

The husband returned to Leesburg on Monday but failed to notify his attorney of his conversation with his wife or of the fact that he had visited with her at their home in Gainesville over the weekend. As a consequence his attorney caused a default decree to be entered against the wife and thereafter on September 30, 1953 upon final hearing on such default and testimony adduced in behalf of the husband the court entered a decree of divorce.

I find as a matter of fact that in leading her to understand that the suit would be discontinued and that he would not pursue the matter to final decree the husband purposely and deliberately practiced fraud and deceit on his wife, that he thereby and by reason of his acts and conduct as well as by his conversation with his wife prevented her from making and bringing her defense in the divorce case, and that the decree was secured as a direct result of the fraud and trickery so practiced and committed.

It therefore follows that the divorce decree having been so obtained was and is utterly void and of no force and effect and should be vacated, set aside and cancelled. Plaintiff is entitled to and should recover from defendant a reasonable attorney's fee, in the sum of $150, with which to pay her attorney for his services in her behalf. Plaintiff is further entitled to recover from defendant a reasonable sum for her expenses incurred by reason of a fraudulent action of the defendant, and such reasonable sum is $100. Costs of these proceedings will be assessed against and paid by the defendant.

I further find as a matter of fact from the record and evidence that the husband's attorney in the divorce case had no knowledge of the fraudulent conduct and trickery practiced therein by the husband and that he is not to be censured in any manner in connection therewith.

Decree in accord with these findings will be entered and plaintiff's attorney is instructed to prepare such decree and submit same to the court for signature and entry.